## THE STATE vs. GEORGE CHAMBERS.

New Castle County, September Term, 1894.

**Indictment.**—Where an indictment under a statute prohibiting the intentional pointing of a gun at another, either in jest or otherwise, alleges that it was done "in jest," it must be proved.

**Same.**—*Quere*, Whether it is a necessary averment.

The defendant, (a colored lad about 16 years of age) was indicted "for intentionally pointing in jest, a certain pistol towards Charles Brown, the discharge of the said pistol while so pointed by him, the said George Chambers, resulting in the death of him, the said Charles Brown, on the fifth day of August," 1894.

At the trial evidence was adduced by the State to the effect that the prisoner and the deceased were in the barn of the Cæsar Brinkley, in Appoquinimink Hundred, August 5, 1894; that no one was at home but the grand-mother of the deceased, who while going towards the said barn for the purpose of calling the deceased, heard the report of a pistol in the said barn and at the same time heard Charles Brown cry out "Oh! he has killed me" the defendant, Chambers, at the same time ran away through the fields towards the woods; that Chambers afterwards returned to the house and was caught by the old lady, and when asked if they had had any trouble in the barn made no reply. On being asked what had become of the pistol, he said that it was in the barn, where it was subsequently found. Afterwards he acknowledged that he pointed the pistol at the deceased, and that it was a self-cocker, easy on the trigger and liable to go off at any time; and gave that as a reason why the pistol went off.

After the State had rested, *Davis*, for the prisoner, asked the Court to instruct the Jury to bring in a verdict of not guilty; on the ground that there was no evidence to show that the pistol was pointed "intentionally," or that it was pointed "in jest," as alleged in the indictment; that having alleged that it was "intentionally

pointed" and that it was pointed "in jest," these allegations must be proved by the State.

CULLEN, J.   The act of Assembly under which this indictment was framed, under the first section provides that "it shall be unlawful for any person, either in jest or otherwise, intentionally to point a gun, etc." Unquestionably the object of this statute, is to cover all cases in which a person points a gun or a pistol. Under one construction of the statute it may be a question as to whether the words "in jest or otherwise" are necessary averments, or are used merely as descriptive of the matter of pointing the gun, which is the gravamen of the offence in the meaning of the act, and against which the act provides.   But taking the words as descriptive —it may not be necessary in many cases in indictments to put in averments that are unnecessary, but there is a rule that where an averment is put in, even if it is not necessary, yet as the opposite party is entitled to notice of what he is expected to defend, it is necessary to prove it.

There is in each of the two counts in this indictment an averment that this party "intentionally, in jest" pointed this pistol.

Now that averment, having been put in by the State, the party is brought to trial here, charged with pointing a pistol in jest, and is put upon notice on his trial that he has to defend an indictment for pointing a pistol in jest; the Court think, under the circumstances, that it is necessary for the matter to be proved. There is no proof here going to show that this pistol was pointed in jest.   The boy stated, according to the testimony, that he pointed the pistol at deceased, and he may be guilty so far as the Act of Assembly is concerned of pointing a pistol in jest, but we think it is necessary for the State to prove it.

The prisoner was thereupon discharged.

*Branch R. Giles,* Deputy Attorney General, for the state.

*Thomas Davis,* for the prisoner.